UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOPE EBEH                                          :

      Plaintiff,                              :

v.                                                 :   CASE No. 8:18-cv-2594-T-23TGW

                              :

ROGERS PREMIER WAREHOUSE :
US FOODS and XPRESS STAFFING:

                              :

      Defendants.                             :
_____:

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the plaintiff's

Application to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 (Doc.

2). The plaintiff has not alleged facts that support his race discrimination

claims. I therefore recommend that the complaint be dismissed without

prejudice to the plaintiff being given an opportunity to file an amended

complaint which states a cognizable claim that complies with the Federal Rules

of Civil Procedure.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of

a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit

that includes a statement of all assets showing an inability to pay the filing fee

and a statement of the nature of the action which shows that he is entitled to redress. The plaintiff asserts that he is unemployed and has no savings and, therefore, he is financially unable to pay the filing fee (Doc. 2). However, even if the plaintiff proves indigency, the case shall be dismissed if it cannot be discerned whether the action states a claim upon which relief may be granted. See 28 U.S.C. 1915(e)(2)(B)(i), (ii), 1915A.

The plaintiff's complaint is fundamentally flawed. The crux of the six-count complaint is that his employers discriminated against him on the basis of his race (African American). However, the plaintiff does not state any facts indicating a connection between his race and an adverse employment action. Thus, the factual basis of the plaintiff's complaint is that he was underpaid by 1 hour and 23 minutes, and that he was fired from his job for complaining about it (id., p. 2, ¶¶8-11). The plaintiff does not allege any factual basis for concluding that the underpayment was based on his race, and he asserts that the protected activity for his retaliation claim was "protesting about being cheated and shorted for hours worked" (see id., ¶14). Therefore, the plaintiff has not stated a cognizable claim for race discrimination.

Furthermore, there is no legal basis for the claim of "conspiracy to condone discriminatory termination," nor does the plaintiff state facts showing that the defendants colluded to engage in unlawful discriminatory conduct (Doc.

1, p. 3, ¶33). Moreover, the plaintiff has not, as a matter of law, stated a factual basis for a claim for intentional infliction of emotional distress (see Doc. 1, pp. 2-3, ¶¶17, 18). See Pucci v. USAir, 940 F. Supp. 305, 309 (M.D. Fla. 1996).

For these reasons, the plaintiff's complaint is deficient, but it is appropriate to afford the plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R.Civ.P.).

I therefore recommend that the complaint be dismissed and the Motion to Proceed In Forma Pauperis (Doc. 2) be deferred pending an opportunity for the plaintiff to file within 30 days an amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DECEMBER 12, 2018

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.